**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4965

CORDRICK DAVERN BYERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-48)

Submitted: May 26, 1998

Decided: August 5, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bruce R. Williamson, Jr., WILLIAMSON & TOSCANO, Charlottes-
ville, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Nancy S. Healey, Assistant United States Attorney, Char-
lottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cordrick Davern Byers appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 924(e) (1994). He argues only that his stop by a police officer, which led to discovery of the firearm, constituted an illegal seizure under the Fourth Amendment. Because we find the stop supported by reasonable suspicion, we affirm.

The facts reveal that police were preparing to execute a search warrant on an apartment in Albemarle County. The warrant was aimed at the discovery of marijuana, and according to information provided to the executing officers, at least one weapon had been seen in the apartment. The apartment was occupied by Michael Christopher, an African American male.

While stationed outside the apartment, one officer observed Byers, also an African American male, approach the building and ascend a stairway leading to the subject apartment and one other unit. Two or three minutes later, the officer saw Byers leave one of the apartments, descend the stairs, and approach a car which the officer knew belonged to Christopher. Byers then approached the driver's side of the car. The officer, two cars away from this vehicle, noticed that Byers was holding a set of car keys in his hand as if he was going to enter the vehicle. At the suppression hearing, the officer testified that he wanted to stop Byers to ascertain his identity and ask why he was getting into Christopher's car. There was no evidence that the officer knew that Byers was not Christopher.

At this point, the observing officer ordered Byers to stop what he was doing, identified himself as a police officer, and ordered Byers to get on the ground. An ensuing search, which is not challenged, revealed the firearm which forms the basis of the current conviction.

2

Under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), police officers have the authority to stop and detain a person if they have a reasonable suspicion of criminal activity. Reasonable suspicion is determined in light of the totality of the circumstances observed by the officers and any reasonable inferences drawn therefrom. <u>See United States v. Cortez</u>, 449 U.S. 411, 417-18 (1981). Applying this standard, we conclude that the above facts, taken in their totality, support a reasonable suspicion of criminal activity. Here, the officer did not know that Byers was not Christopher. Indeed, the officer had reason to believe Byers was Christopher because Byers was about to enter Christopher's car and it appeared that Byers had just left Christopher's apartment. Although the officer did not say so explicitly, we may reasonably infer from the record that the officer thought that Byers was Christopher, the man whose apartment was the subject of the search warrant. This was sufficient reason for the officer to stop Byers as he was preparing to leave the apartment complex in Christopher's car. <u>Cf. Michigan v. Summers</u>, 452 U.S. 692 (1981). Accordingly, we affirm Byers' conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3